## No. 100.

GEORGE CANBY *v.* MRS. L. A. GERODIAS AND LOUIS LECONTE.

1. If a party applying for an injunction, in his petition, cumulates with any of the grounds which, under Code of Practice, Art. 739, justify the issuance of the writ without bond, other grounds or facts which are not in the enumeration of that article, he must furnish bond.

2. Upon the trial of such a suit, damages under the statute can be accorded against the plaintiff and his surety, without proof, only up to the amount of twenty *per centum* of the judgment enjoined. This *per centum* must cover all damages, beside interest, unless the proof establishes more.

*Appeal from Third District Court. Monroe, Judge.*

*Lacey & Butler* for plaintiff.

*F. Michinard* for defendant and appellant.

ROGERS, J.—The defendant, Mrs. L. A. Gerodias, obtained an injunction restraining a writ of seizure and sale obtained by plaintiff. Louis Leconte was the surety on the injunction bond. The injunction was decreed to have been wrongfully issued. This is a suit on the bond. Judgment was given for plaintiff, and Louis Leconte, the surety, alone appeals.

It is contended that the injunction was obtained by Mrs. Gerodias on allegations strictly within the purview of C. P. Art 739, and no bond should have been required. The petition upon which the injunction was granted was not restricted in its allegations to the provisions of Art. 739 C. P.; it embraced other and distinct averments, which fortified the right to the writ. Under these circumstances, the judge properly required a bond. 31 La. An. 112.

The judge *a quo* considered this a case in which the full penalty, permissible under the law, should be awarded. From an examination of the testimony taken on the trial of the injunction, we are not disposed to differ with him. Art. 304 C. P. provides that in case the injunction be dissolved, the court shall condemn plaintiff and his surety, jointly and severally, to pay defendant in writ interest at the rate of ten

per cent per annum on the amount of the judgment, and not more than twenty per cent as damages, unless damages to a greater amount be proved.

The judge allowed one hundred and sixty-five dollars and ninety-five cents, and twenty per cent damages on the judgment enjoined, and a further sum equivalent to two per cent interest on $2000, from June 28th, 1878, to May 24th, 1879. This was an error. It is not shown, that plaintiff suffered damages beyond the amount of the twenty per cent damages allowed by law. 10 La. An. 418. The sum of one hundred and sixty-five dollars and ninety-five cents is, therefore, disallowed, and so far as relates to that sum, the judgment is reversed, and as to the residue, it is affirmed. Plaintiff and appellee paying costs of appeal; defendant, the costs of the lower court.